# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH F. GAZZO, II | § | PLAINTIFF |
| | § | |
| v. | § CIVIL ACTION NO. 1:09CV719-LG-RHW | |
| | § | |
| MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; GEORGE PHILLIPS, individually; CHARLES V. "CHARLIE" WILLIAMS, individually; STEPHEN SIMPSON, individually; HOUSTON DORR, individually; JOHN PERKINS, individually; and JOHN DOES 1-2 | § § § § § § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING
## WILLIAMS' MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are the Motion for Summary Judgment [13] filed by Charles V. "Charlie" Williams and the Request for Fed. R. Civ. P. 56(f) relief [29] filed by the plaintiff, Joseph F. Gazzo, II. Williams argues that Gazzo's Section 1983 claim is preempted by the Age Discrimination in Employment Act, and in the alternative, he argues that Gazzo's Section 1983 claim for denial of due process and equal protection should be dismissed as a matter of law. Williams also argues that Gazzo's request to raise a Section 1985 claim and to conduct discovery regarding this claim should be denied because Gazzo does not allege race-based discrimination. The parties agree that Gazzo's promissory estoppel and Age Discrimination in Employment Act ("ADEA") claims should be dismissed. Upon reviewing the submissions of the parties and the applicable law, the Court finds that Williams is entitled to judgment as a matter of law and that Gazzo's request for discovery should be denied. Thus, Williams' Motion for Summary Judgment is granted.

## FACTS

According to the complaint, Gazzo worked as a trooper with the Mississippi Highway Safety Patrol ("MHSP") for approximately twenty-eight years. (1st Am. Compl. at 4). The majority of that time he served as Public Affairs Officer for Troop K. (*Id.*) Beginning in 2007, Gazzo claims that he was mistreated by Defendant Houston Dorr, who allegedly excluded him from meetings, demoted him, and verbally assaulted him. On or about June 25, 2007, the Troop K secretary accused Gazzo of harassment, which he claims was an unfounded claim motivated by the secretary's close friendship with Dorr. This resulted in Gazzo being banned from visiting the Troop K office for some period of time. Gazzo also claims that Dorr sent him out on "ghost calls" to investigate non-existent accidents and intimidated and harassed his son and a family friend, who are also troopers. Dorr also allegedly conspired with Defendant John Perkins to send threatening text messages to witnesses that Gazzo had named in grievance proceedings that he had filed against Dorr.

Employees of the MHSP are required to retire at age 60, unless they request and receive a one-year extension from the Mississippi Department of Public Safety Commissioner. Miss. Code Ann. §25-13-11(f). Additional one-year extensions can be granted until the employee reaches age 65, when retirement becomes mandatory. *Id.* When he reached age 60, Gazzo received a one-year extension (from December 18, 2006, through December 18, 2007) pursuant to Miss. Code Ann. §25-13-11(f). He claims that Commissioner George Phillips told him that his second request for a one-year extension (from December 18, 2007 through December 18, 2008) would also be granted. However, Phillips resigned his position, and he was temporarily replaced by Defendant Charlie Williams. Williams denied Gazzo's request by letter dated

February 12, 2008. Gazzo had continued to work for the MHSP after his original extension lapsed, until he received this denial of extension.

Williams has signed an affidavit in which he states that he was appointed to serve as interim commissioner on December 21, 2007. (Ex. A to Def.'s Mot). He also states that he had no involvement with the MHSP prior to that date. (*Id.*) After he was appointed, he learned of Gazzo's request for an extension. (*Id.*) Because the request was filed before he was appointed, he claims that his staff searched the Department's records in order to determine whether Commissioner Phillips had approved the request. (*Id.*) When no record of a decision was found, he made a determination based on Miss. Code Ann. §25-13-11(f). (*Id.*) He states: "My decision to deny the request was based, in part, on the fact that the MHSP Troop in which Plaintiff worked had another public affairs officer in addition to the Plaintiff." (*Id.*) Williams appointment as interim commissioner ended on April 30, 2008.

Gazzo filed this lawsuit in the Circuit Court of Harrison County, Mississippi, on April 28, 2009, and he filed a First Amended Complaint on September 15, 2009. The defendants then removed the case to this Court. Count I of the Amended Complaint is a claim of Deprivation of Constitutional Rights and Privileges pursuant to 42 U.S.C. § 1983. This claim, which concerns the denial of the second one-year extension as well as Dorr's alleged harassment, was filed against the following defendants: the MHSP,[1] Phillips, Williams, Simpson (the current commissioner), and Dorr. Count II is a claim for Conspiracy to Deprive Persons of Equal Protection of the Law pursuant to 42 U.S.C. §1985. This claim, which concerns the alleged

---

[1] Gazzo apparently intended to refer to the Mississippi Department of Public Safety rather than the MHSP, since the MHSP is not a separate defendant.

threatening text messages, was filed against Dorr and Perkins. Count III, which was filed against the MHSP, Phillips, Williams, Simpson, and Dorr is a claim for constructive discharge, hostile working environment, and retaliation pursuant to the ADEA. Count IV is a promissory estoppel claim filed against the MHSP, Phillips, and Williams. This claim arises out of Defendant Phillips' alleged representation that the second one-year extension would be granted. Williams alleges that he is entitled to summary judgment concerning all of Gazzo's claims. Gazzo argues that he should be able to conduct discovery before this Court rules on the Motion.

## DISCUSSION

**I. Gazzo's Rule 56(f) Request:**

If a party needs additional discovery in order to defeat a motion for summary judgment, he must request a continuance by bringing a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. "'Rule 56(f) allows for further discovery to safeguard non-moving parties from summary judgment that they cannot adequately oppose' due to inadequate discovery." *Raborn v. Inpatient Mgmt. Partners Inc.*, 2009 WL 3428208 at *3 (5th Cir. Oct. 26, 2009) (quoting *Culwell v. City of Fort Worth*, No. 09-20128, 468 F.3d 868, 871 (5th Cir. 2006)). To prevail on a Rule 56(f) motion, a party must demonstrate: (1) why the additional discovery is needed, and (2) how that discovery will likely create genuine issues of material fact. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999).

Gazzo has submitted an affidavit signed by his attorney that states that he has not had any opportunity to discover "Charles Williams' actions and/or inactions with respect to the investigation conducted by the Department of Public Safety concerning efforts by certain other defendants to threaten witnesses Plaintiff named in connection with his grievance and, thus, is

not prepared to fully reply to said motion the [sic] only submissions at this point are the parties' pleadings and affidavits." (Ex. B to Pl.'s Resp.) In his response, Gazzo explains that he wishes to amend his complaint to add a claim against Williams pursuant to 42 U.S.C. § 1985, because he believes that Williams terminated an investigation concerning alleged threats made against Gazzo's witnesses. However, 42 U.S.C. § 1985 only applies to claims regarding conspiracies to deprive persons of equal protection of the laws because of their race. *Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 232 (5th Cir. 2002); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Gazzo has not disputed that his claims do not relate to discrimination based on race. In addition, for the reasons stated *infra*, Gazzo does not have an equal protection claim against Williams. Therefore, Gazzo has not demonstrated that discovery would assist him in creating a genuine issue of material fact.

**II. Williams' Motion for Summary Judgment:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25.

**A. Gazzo's ADEA and Promissory Estoppel Claims:**

Gazzo has conceded that he does not have an ADEA claim or a promissory estoppel

claim against Williams. Therefore, the Court finds that these claims should be dismissed.

**B. Gazzo's 42 U.S.C. §1983 Claim:**

Williams argues that Gazzo's Section 1983 claim is preempted by the ADEA. Gazzo counters that his Section 1983 claim is not preempted because he has stated a claim for denial of due process and equal protection.

"Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Tex. Dept. of Health*, 126 F.3d 758, 759 (5th Cir. 1997). The following two-part test is utilized by Courts to determine whether a plaintiff has a Section 1983 claim: (1) if the plaintiff asserts the violation of a federal right, then a Section 1983 remedy exists unless, (2) the defendant can show that Congress specifically foreclosed a remedy under Section 1983 by providing a comprehensive enforcement mechanism for protection of a federal right. *Lafleur*, 126 F.3d at 759. The Fifth Circuit has held that the ADEA is the sole remedy for persons who have been discriminated against based on their age. *Id.* at 760. Therefore, "where a plaintiff asserts a claim of age discrimination under § 1983 and where the facts alleged will not independently support a § 1983 claim, the plaintiff's age discrimination claim is preempted by the ADEA." *Id.*

Gazzo's First Amended Complaint provides the following facts concerning his Section 1983 claim:

> Defendants MHSP, Phillips, Williams, Simpson, and Dorr, acting under color of state law, discriminated against Plaintiff **because of his age** in inconsistently and arbitrarily implementing MHSP policy and practice with respect to granting exceptions to certain members desiring to work from age 60 until mandatory retirement age resulting in **disparate impact** and **disparate treatment** and harassment including verbal assault and thereafter, imposing, directly and through agents, **hostile working conditions** upon Plaintiff in which

> he suffered job discrimination and was placed in a category separate from other public employees in that he was actually subjected to hostility by said Defendants which deprived Plaintiff of his right to equal protection of the law and resulted in a sudden and unexpected loss of income, resulting in economic depravation.
>
> Plaintiff, as a citizen of the state of Mississippi and employee of same, was entitled to due process protections of freedom from arbitrary action which jeopardized his property interest in his state employee position in that Plaintiff should not have been subjected arbitrarily to the fear of losing his job . . .and , . . . the fear of losing the enjoyment of a proper and pleasant work environment . . . .
>
> The act [sic] and/or omissions of Defendants MHSP, Phillips, Williams, Simpson, and Dorr deprived Plaintiff of his due process liberty interest in his reputation as an honest public employee.

(1st Am. Compl. at 9-10) (emphasis added). Although Gazzo frequently utilizes age discrimination terminology when describing his Section 1983 claim, he claims that the facts of his case independently support a Section 1983 claim for denial of equal protection and due process. Therefore, the Court will consider whether he has stated either a claim for denial of equal protection or due process.

### 1. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. This is essentially a requirement that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). If a claim does not involve a suspect class or a fundamental right, courts review state action using a rational basis test. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991). If the classification is rationally related to achieving a legitimate government interest. *Delahoussaye*, 937 F.2d at 149. Persons over age 50 do not constitute a suspect class; thus, the rational basis test is applied. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976).

Gazzo appears to claim that the retirement statute is unconstitutional. In *Murgia*, the United States Supreme Court held that a Massachusetts statute requiring state police officers to retire at age fifty did not violate the Equal Protection Clause, because such a policy seeks to protect the public by assuring physical preparedness of its uniformed police. *Murgia*, 427 U.S. at 313. Furthermore, in *Vance v. Bradley*, the United States Supreme Court upheld a statute that required foreign service employees to require at age 60. *Vance v. Bradley*, 440 U.S. 93, 108 (1979). Therefore, the MHSP retirement statute does not deny employees over age sixty equal protection.

Gazzo also claims that certain troopers over age 60 were granted exceptions to the retirement requirement, but he was not. (1st Am. Compl. at 9-10). He asserts that the defendants arbitrarily applied the retirement policy, and the denial of his extension constituted a denial of equal protection. Therefore, Gazzo apparently claims that he was treated differently from the other troopers seeking retirement decisions.

When a person has not alleged class-based discrimination but instead claims that he has been irrationally singled-out, his claim for denial of equal protection is referred to as a "class-of-one claim." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Although class-of-one claims are meritorious in some circumstances, the United States Supreme Court has recently held that class-of-one claims are not cognizable in the public employment context. *Engquist v. Or. Dep't of Agric.*, 128 S.Ct. 2146, 2151 (2008). The Court explained that employment decisions are often subjective and individualized, and "treating like individuals differently is an accepted consequence of the discretion granted" to employers. *Engquist*, 128 S.Ct. at 2154. The Court noted:

> If . . . plaintiffs need not claim discrimination on the basis of membership in some class or group, but rather may argue only that they were treated by their employers worse than other employees similarly situated, any personnel action in which a wronged employee can conjure up a claim of differential treatment will suddenly become the basis for a federal constitutional claim.

*Id.* at 2156. As a result, the Court finds that Gazzo has not stated a valid claim for denial of equal protection.

### 2. Due Process

Gazzo also alleges that the denial of his request for an extension violated his substantive due process rights. Specifically, he claims that his property interest in his job and his liberty interest in his reputation were violated.

In *Lindquist v. City of Pasadena*, 525 F.3d 383 (5th Cir. 2008), the Fifth Circuit held that where a plaintiff's equal protection claim and due process claim completely overlap, the substantive due process claim cannot proceed. *Lindquist*, 525 F.3d at 387-88. In *Lindquist*, the plaintiffs argued that the city council's refusal to grant them a used car dealer license denied them equal protection and violated their substantive due process rights. *Id.* at 386-88. The Court noted that the plaintiffs' due process claim could not proceed because it was essentially their equal protection claim "recast in substantive due process terms." *Id.* at 388. The Court relied on a Supreme Court decision that held, "[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 387 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)).

In the present case, Gazzo argues that the denial of his request for a retirement extension

denied him equal protection and violated his substantive due process rights. As in *Lindquist*, Gazzo's substantive due process claim is essentially his equal protection claim "recast in substantive due process terms," such that his substantive due process claim cannot proceed. *See Lindquist*, 525 F.3d at 388. Therefore, Gazzo does not have a due process claim against Williams. Since Gazzo does not have an equal protection claim or due process claim against Williams, the facts asserted in his Complaint do not independently state a Section 1983 claim. Gazzo's Section 1983 is thus preempted by the ADEA.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [13] filed by Charles V. "Charlie" Williams is **GRANTED**. Joseph F. Gazzo, II's claims against Williams are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Request for Fed. R. Civ. P. 56(f) relief [29] filed by the plaintiff, Joseph F. Gazzo, II, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE