IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH F. GAZZO, II | § | PLAINTIFF |
| | § | |
| v. | § CIVIL ACTION NO. 1:09CV719-LG-RHW | |
| | § | |
| MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; GEORGE PHILLIPS, individually; CHARLES V. "CHARLIE" WILLIAMS, individually; STEPHEN SIMPSON, individually; HOUSTON DORR, individually; JOHN PERKINS, individually; and JOHN DOES 1-2 | § § § § § § § § | DEFENDANTS |

### ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS AND DENYING MOTION TO AMEND COMPLAINT

**BEFORE THE COURT** are the Motion for Judgment on the Pleadings [4] filed by John Perkins, the Motion to Dismiss [7] filed by Houston Dorr, and the Motion to Amend Complaint [23] filed by the plaintiff, Joseph F. Gazzo, II. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Judgment on the Pleadings filed by Perkins and the Motion to Dismiss filed by Dorr should be granted. The Court further finds that Gazzo's Motion to Amend should be denied.

#### DISCUSSION

A more complete discussion of the facts and claims at issue in this case are included in this Court's Memorandum Opinion and Order Granting Charles V. Williams' Motion for Summary Judgment and are incorporated herein by reference.

Gazzo's claims arise out of a denial of permission to work past the required retirement age for troopers working for the Mississippi Highway Safety Patrol ("MHSP"). He also alleges that he was subjected to harassment prior to the denial of his retirement extension. Gazzo has

filed a claim against both Perkins and Dorr pursuant to 42 U.S.C. § 1985, because he alleges that they conspired to intimidate and threaten witnesses that he had named in a grievance proceeding. He also has asserted claims against Dorr pursuant to 42 U.S.C. § 1983 and the Age Discrimination in Employment Act ("ADEA"). Gazzo admits that his ADEA claim against Dorr should be dismissed, and he seeks permission to file an amended complaint.

**A. Gazzo's ADEA Claim against Dorr:**

As explained previously, Gazzo concedes that his ADEA claim against Dorr should be dismissed. Therefore, that claim is hereby dismissed.

**B. Gazzo's 42 U.S.C. § 1985 Claim filed against Perkins and Dorr:**

As this Court has previously explained in its Memorandum Opinion and Order Granting Williams' Motion for Summary Judgment, claims filed pursuant to 42 U.S.C. § 1985 require a plaintiff to demonstrate that the defendants conspired to deprive him of equal protection because of his race. *Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 232 (5th Cir. 2002); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Gazzo does not assert that the alleged conspiracy was motivated by his race. In addition, this Court has previously held that Gazzo does not have an equal protection claim, because the alleged denial of equal protection concerns either the constitutionality of the MHSP retirement statute or an impermissible class-of-one claim. As a result, the Section 1985 claim must be dismissed.

**C. Gazzo's 42 U.S.C. § 1983 Claim against Dorr:**

This issue was also decided by the Court in its Memorandum Opinion and Order Granting Williams' Motion for Summary Judgment. This Court held that Gazzo's Section 1983 claim is preempted by the ADEA, since the facts alleged do not independently support a Section 1983

claim. Gazzo alleges that his equal protection and due process rights were violated, but those claims are not cognizable as a matter of law for the reasons set forth in this Court's prior Memorandum Opinion and Order. Therefore, Gazzo's Section 1983 claim against Dorr must also be dismissed.

**D. Gazzo's Motion to Amend the Complaint:**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." When determining whether to grant leave to amend, a court may consider (1) undue delay, (2) bad faith, (3) dilatory motive, (4) prejudice to the other party, and (5) the futility of the proposed amendments. *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). "[A] bare request in an opposition to a motion to dismiss -- without any indication of the particular grounds on which amendment is sought, *cf.* Fed. R. Civ. P. 7(b) – does not constitute a motion within the contemplation of Rules 15(a)." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375 (5th Cir. 2003) (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).[1]

Gazzo's request for permission to amend was originally included in his response to Perkins' Motion, and the Clerk of Court required him to file a separate motion. The separate motion merely states that dispositive motions have been filed raising issues that apparently need clarification. He claims that he "stands threatened with substantial prejudice based upon apparent misunderstandings of the Plaintiff's claims due to the lengthy and admittedly complicated and convoluted facts and circumstances at issue." (Pl.'s Mot. at 3). Gazzo has not

---

[1] Fed. R. Civ. P. 7(b) requires that a Motion "state with particularity the grounds" on which the Motion is based.

provided any information to the Court regarding the changes that would be included in the amended complaint he seeks permission to file. Even after the defendants noted the deficiencies in Gazzo's Motion, he failed to attempt supplementation or to provide a proposed amended complaint. Therefore, Gazzo has not demonstrated that he should be permitted to amend his complaint. Furthermore, the determinations made in this Court's prior Memorandum Opinion and Order indicate that amendment would be futile in this case and would merely cause unnecessary delay. As a result, the Court finds that Gazzo's Motion to Amend should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Judgment on the Pleadings [4] filed by John Perkins and the Motion to Dismiss [7] filed by Houston Dorr are **GRANTED**. The plaintiff's claims against these defendants are hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Amend Complaint [23] filed by the plaintiff, Joseph F. Gazzo, II, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE