IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH F. GAZZO, II | § | PLAINTIFF |
| | § | |
| v. | § CIVIL ACTION NO. 1:09CV719-LG-RHW | |
| | § | |
| MISSISSIPPI DEPARTMENT OF PUBLIC | § | |
| SAFETY; GEORGE PHILLIPS, | § | |
| individually; and JOHN DOES 1-2 | § | DEFENDANTS |

## ORDER DENYING GEORGE PHILLIPS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [42] filed by George Phillips pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The plaintiff, Joseph F. Gazzo, II, has responded to the Motion, and Phillips has replied. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss should be denied. The plaintiff's deadline for serving Phillips with process is thirty days from the date of this Order.

### DISCUSSION

Gazzo's claims arise out of a denial of permission to work past the required retirement age for troopers working for the Mississippi Highway Safety Patrol. He also alleges that he was subjected to harassment prior to the denial of his retirement extension.

Defendant George Phillips filed the present motion, seeking dismissal of the claims against him and arguing that he was not served with process within 120 days of the filing of the Complaint in this matter. Gazzo does not dispute that he has not timely served Phillips with process, but he argues that Philips waived service of process by joining in the removal of this lawsuit. He also argues that Phillips evaded service of process.

FED. R. CIV. P. 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the

> court – on motion or on its own after notice to the plaintiff – must dismiss the
> action without prejudice against that defendant or order that service be made
> within a specified time. But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an appropriate period.

A defendant who removes a lawsuit to federal court does not waive his right to object to service of process. *City of Clarksdale v. Bellsouth Telecomm., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)). Therefore, Gazzo's argument that Phillips waived service of process is without merit. As a result, this Court must determine whether Phillips evaded service of process and whether Gazzo has demonstrated good cause for the delay in serving process.

To establish good cause, a plaintiff has the burden of demonstrating "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ." *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Gazzo argues that Phillips evaded service of process, because the person was house-sitting for Phillips at the time when service was attempted claimed that Phillips was out of state and that it was uncertain when he would return. Phillips concedes that he has a residence outside of Mississippi and that he spends a considerable amount of time there.

Gazzo has produced evidence of only one attempt at service of process on Phillips, and there is no evidence that Phillips evaded service of process. Nevertheless, since it is undisputed that Phillips spends a considerable amount of time out of state and Gazzo's process server could not determine when Phillips would be available for service, the Court finds that Gazzo has demonstrated good cause for the delay in service of process. In addition, this Court may not

grant a dismissal, because it appears that some of Gazzo's claims may be barred by the statute of limitations if this Court dismisses his claims against Phillips, and there is no evidence of delay or contumacious conduct on the part of Gazzo himself or evidence of prejudice to Phillips. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321. 326 (5th Cir. 2008) (holding that where a plaintiff's claims would be barred by the statute of limitations upon dismissal for failure to serve process, the Court must find a clear record of delay or contumacious conduct on the part of the plaintiff in order to grant a dismissal). As a result, the Court will allow Gazzo thirty additional days to serve process on Phillips. However, the Court notes that Gazzo's showing of good cause in this instance is minimal, and the Court emphasizes that additional extensions for service of process will not be granted absent a showing of considerable diligence on the part of Gazzo.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [42] filed by George Phillips pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Gazzo must serve George Phillips with process within thirty days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 14th day of July, 2010.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE